# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. MCCORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01313 ERW |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Michael McCord for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a civilly committed resident at Missouri Sexual Offender Treatment Center ("MSOTC"), brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment. Named as defendants are Alan Blake (CEO, MSOTC), Perry Bramhall (Physician, MSOTC), and Ron Sheerer (R.N., MSOTC). The complaint seeks monetary relief.

Plaintiff alleges that he is a diabetic with hypoglycemia. Plaintiff claims that over a 10 day period in early September 2006 defendant Bramhall prescribed glyburide to treat his diabetes. Plaintiff says that the glyburide caused his blood sugar to get too low, causing him to feel weak and have diarrhea. Plaintiff claims that he was given

orange juice when his blood sugar dropped. Plaintiff alleges that when he complained about the symptoms to the nursing staff they told him that he needed to give the medicine time to work. Plaintiff says that the glyburide was discontinued after the ten day period ended.

## Discussion

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "[C]laims of inadequate medical treatment which reflect a mere disagreement with [state] authorities over proper medical treatment do not state a claim of constitutional magnitude." Massey v. Hutto, 545 F.2d 45, 46 (8th Cir. 1976).

The allegations in the instant complaint do not rise to the level of a constitutional violation. First, the symptoms that plaintiff alleges he suffered are not objectively serious. Second, plaintiff has not alleged that defendants deliberately disregarded the alleged symptoms; instead, he was given orange juice and his blood sugar was

consistently monitored. Plaintiff's allegations reflect a mere disagreement with the medical staff at MSOTC and do not state a cause of action under 42 U.S.C. § 1983. As a result, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Additionally, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). "[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity." Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 743 (8th Cir. 1998). As a result, the complaint is barred by the Eleventh Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 25th Day of October, 2007.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE